UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICTOR MANUEL VILLEGA-ANGULO,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Defendant.

Civil No. 06-1914 (DRD)

(Criminal No. 99-295)

28 U.S.C. § 2255

## ORDER ADOPTING REPORT AND RECOMMENDATION
## RE: SECOND OR SUCCESSIVE § 2255 PETITION

Pending before the Court are: (a) *Notice of Filing of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 United States Code, Section 2255 (F)(3)*, filed by petitioner Victor Manuel Villega-Angulo ("Villega-Angulo"), Docket No. 14; (b) the *United States' Response to Petitioner's Motion under 28 U.S.C. § 2255*, Docket No. 16; (c) *Petitioner''s Reply to the United States' Response to Petitioner's Motion under 28 U.S.C. § 2255*, Docket No. 17; and, (d) the *Magistrate Judge's Report and Recommendation Denying a Second or Successive Motion under 28 U.S.C. § 2255*, Docket No. 18.  For the reasons set forth by the Hon. Magistrate Judge Justo Arenas ("Magistrate Judge Arenas")*,* the Court adopts *in toto* the report and recommendation, as supplemented herein.

### Introduction

The issue before the Court is whether Villega-Angulo's second or successive motion under 28 U.S.C. § 2255 or merely petitioner's application entitled *Notice of Filing of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 United States Code, Section 2255(F)(3)*, within thirty days constitutes sufficient grounds to allow the petitioner's second or successive 2255 motion, or even a potential second or successive 2255 motion. *See* Docket No. 14.  This matter was referred to Magistrate Judge Arenas for report and recommendation, Docket No. 19.  Magistrate Judge Arenas issued a thorough *Report and Recommendation* denying petitioner's application to file a second or successive motion under 28 U.S.C. § 2255, Docket No. 18.  As of this date, the *Report and Recommendation* issued by Magistrate Arenas stands unopposed.

**Factual and Procedural Background**

The Court is familiar with petitioner Villega-Angulo as this is not the first time that this petitioner knocks on this Court's door.  Notwithstanding, a summary of the facts that leads to a second or successive petition under 28 U.S.C. § 2255 is warranted, after fifteen years of continued litigation.

Petitioner Villega-Angulo was first indicted on five counts on September 8, 1999,[1] Criminal No. 99-295 (DRD), "charging crimes related to a violent robbery, hostage-taking, two murderers and serious injury to a third victim." *See Report and Recommendation*, Docket No. 18, page 1.  "The object of the robbery was the expected cash on hand at a warehouse operated by Fernandes Editores, a Mexican company which published coloring books and other materials for children." *Id.*  Petitioner was charged with four other defendants, and all were found guilty by a jury on August 2, 2002.  *See Report and Recommendation*, Docket No. 18, page 3.

On March 31, 2003, the district court sentenced petitioner Villega-Angulo to a term of imprisonment of 240 months as to Count One, 180 months as to Count Three, and life imprisonment as to each of Counts Two, Four and Five, the terms to be served concurrently with each other.  *See Report and Recommendation*, Docket No. 18, page 3.  Mr. Villega-Angulo appealed his judgment, and the United States Court of Appeals for the First Circuit ("First Circuit"), granted in part, reversed in part, and remanded the petitioner's judgment for further proceedings.  On July 14, 2005, the district court on remand, "sentenced petitioner to serve 24 months of imprisonment as to Count One, 180 months as to Count Three, and life imprisonment as to each of Counts Two and Five." *Id.*, page 4.

---

[1]     Petitioner was indicted on five counts.  *See Report and Recommendation*, Docket No. 18, pages 1-2:

Count One of the indictment [charged petitioner] with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (The Hobbs Act).  Count Two charged petitioner and another defendant with the use of firearms in the commission of the offense leading to the death of one of the victims, in violation of 18 U.S.C § 924(j).  Count Three charged these same two defendants with carjacking, in violation of 18 U.S.C. § 2119.  Count Four charged four of the five with conspiring to take a hostage, in violation of 18 U.S.C. § 1203(a).  Count Five charged three of the defendants, including petitioner, with killing the hostage as retaliation for Fernandes Editores having reported the kidnaping of one victim to the FBI, in violation of 18 U.S.C. § 1513(a)(1)(B).  *See United States v. Vega Molina*, 407 F.3d 511, 517 (1st Cir.2005).

2

"Petitioner was resentenced to 60 months of imprisonment as to Count Four. *Id.*

Shortly thereafter, on September 14, 2006, Mr. Villega-Angulo's first petition under 28 U.S.C. § 2255 followed.   On July 9, 2008,[2] the Court denied with prejudice petitioner's first petition under Section 2255 on the grounds that the "petition was timed barred since there had been no appeal after resentencing and the one-year statute of limitations had run." *See Opinion and Order, Judgment* and *Report and Recommendation*, Docket entries No. 8, 9 and 18.

After the *Judgment* of July 9, 2008 became final, petitioner filed a *pro se* motion entitled *Petitioner's Request For Excusable Neglect For Untimely Filing Of His § 2255 Motion And Any Notice Of Appeal Where Circumstances Beyond His Control Has Caused Any Untimeliness*, Docket No. 10. On April 19, 2011, the Court denied petitioner's request for excusable neglect and equitable tolling for failure to meet the threshold that the one year statute of limitations was equitable tolled. *See* Docket No. 12.   Notwithstanding, the Court granted the petitioner a certificate of appealability in the event petitioner files a notice of appeal of the *Order* entered on April 19, 2011, and in the event that the First Circuit finds that there is a scintilla of evidence showing that Villega-Angulo "has made a substantial showing of the denial of a constitutional right." *Id.* page 13.

More than a year elapsed when on May 16, 2012, petitioner Villega-Angulo filed a *Notice Of Filing Of Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 United States Code,*

---

[2]        On July 9, 2008, the Court issued an *Opinion and Order,* and *Judgment*, in the above captioned case, on the grounds that: (a) the petition for *habeas corpus* was time barred, as it was filed more than a year after the petitioner's conviction became final, and (b) the relief requested under *Apprendi*, *Blakely*, and *Booker* was not applicable, *see* Docket entries No. 8 and 9.   The *Judgment* dismissed with prejudice the *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28, United States Code, Section 2255*, Docket No. 1, filed by the petitioner Víctor Manuel Villega-Angulo's (hereinafter "petitioner" or "Villega-Angulo"), as the petition for *habeas corpus* was time barred.

        On October 10, 2008, Villega-Angulo filed a *pro se* motion requesting that this Court issue an order finding that the tardiness for the filing of his petition for *habeas corpus* was due to excusable neglect based upon the doctrine of equitable tolling, *see* Docket No. 10.   In the alternative, Villega-Angulo moved the Court to apply the doctrine of equitable tolling to allow the late filing of a notice of appeal, *see* Docket No. 10.   The Court denied Villega-Angulo's request for equitable tolling for failure to meet the threshold that the one year statute of limitations was equitable tolled. *See Order* of April 19, 2011, Docket No. 12, page 13.   The Court further held that to make a determination of equitable tolling, all the factors must be taken into consideration, i.e. the institution's lockdowns; petitioner's academic background; lack of knowledge of the English language, as well as other institution's limitations, just to mention a few. After a careful review of the totality of the factors and the evidence on the record, the Court finds that equitable tolling is not warranted under the instant factual scenario.

*Section 2255(F)(3)*.  *See* Docket No. 14.  In sum, petitioner notified the Court that he would be filing a [second] motion to vacate, set aside, or correct his sentence within thirty days.  *Id.*

The record shows that, as of May 16, 2012, petitioner did not appeal the *Order* of April 19, 2011 or requested authorization from the First Circuit before filing the second or successive motion under Section 2255 in the district court.  The United States filed its *Response To Petitioner's Motion Under 28 U.S.C. § 2255* on July 18, 2012, Docket No. 16, treating petitioner's pleading of May 16, 2012, "as a second or successive 2255 motion" ... and "it stresses that this second petition should be summarily dismissed because it is in fact a second or successive 2255 motion filed without the approval of the court of appeals."  *See Report and Recommendation*, Docket No. 18, page 6.  "In the alternative, the United States notes that referral to the court of appeals is appropriate as this court lacks subject matter jurisdiction."  *Id.*

On August 17, 2012, petitioner filed a reply without leave of court "explaining that the pleading he had filed was not the 2255 motion but rather a notice to file such a motion within thirty days thence, which motion would rely on two intervening Supreme Court decisions *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed. 398 (2012) and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed. 379 (2012)."  *See Report and Recommendation*, Docket No. 18, pages 6-7.  The Court finds important to include the analysis made by Magistrate Judge Arenas regarding the Supreme Court opinions of *Lafler v. Cooper* and *Missouri v. Frye* in footnote number 3[3] of the *Report and Recommendation*.

---

[3]     *N.3* of the *Report and Recommendation*, Docket No. 18, provides in its relevant part:

In *Missouri v. Frye*, 132 S.Ct. at 1408, the Supreme Court held that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. If such a formal offer was not communicated to a defendant, and the offer thus lapsed, then "...defense counsel did not rendered the effective assistance that the Constitution requires." *Id.*; *see Lafler v. Cooper*, 132 S.Ct. at 1390-91. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. *Missouri v. Frye*, 132 S.Ct. at 1409. The defendants must also demonstrate " . . a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . ." *Id.*

4

## Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296 (D.P.R.2001), *affirmed* by *Nogueras-Cartagena v. United States*, 75 Fed.Appx. 795 (1st Cir.2003) (not selected for publication in the Federal Reporter, No. 03-1113), *cert. denied, Nogueras-Cartagena v. Department of Justice,* 540 U.S. 1183 (2004).

Hence, in order to accept the unopposed *Report and Recommendation*, the Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir.1996)(*en banc*)(extending the deferential "plain error" standard of review to the unopposed  legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United*

*States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001) ("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate Judge's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

As previously explained, when the Magistrate Judge's *Report and Recommendation* is unopposed, this Court has only to be certain that there is no "plain error" as to the Magistrate Judge's conclusions and recommendations, in order to adopt the same. "There is little point in attempting to reinvent a well-fashioned wheel, where, as here, a magistrate judge astutely takes the measure of a case and hands down a convincing, well-reasoned decision, [the Court] should refrain from writing at length to no other end than to hear its own words resonate." *Nogueras-Cartagena*, 172 F.Supp.2d at 305, citing *Corrada-Betances v. Sea-Land Service, Inc.*, 248 F.3d 40, 42 (1st Cir.2001); *Lawton v. State Mutual Life Assurance Co.*, 101 F.3d 218, 220 (1st Cir.1996).

### Analysis

Magistrate Judge Arenas issued a *Report and Recommendation* on April 1, 2013, Docket No. 18. The Magistrate Judge granted the parties fourteen days to object the *Report and Recommendation*, from its receipt. The record shows that, as of this date, the *Report and Recommendation* stands unopposed. After a careful review and in absence of plain error, the Court hereby **ACCEPTS, ADOPTS and INCORPORATES** by reference, the Magistrate Judge's *Report and Recommendation*, Docket No. 18. Notwithstanding, we reviewed the Magistrate Judge's *Report and Recommendation* only under "clear erroneous" or "plain error" standard, and agreed with the recommendation of Magistrate Judge Arenas, "that petitioner's request for relief lacks merit, and consequently should be dismissed, not transferred" to the First Circuit. *See Report and Recommendation*, Docket No. 18, page 15.

For easy reference, the Court incorporates the legal analysis made by Magistrate Judge Arenas, which the Court supplements with recent jurisprudence.

6

II

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the
> court was without jurisdiction to impose such sentence,
> or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral
> attack . . . .

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426-27 n.3 (1962); *David v. United States*, 134 F.3d 470, 474 (1st Cir.1998). **The burden is on the petitioner to show his entitlement to relief under section 2255**, *David v. United States*, 134 F.3d at 474, including his entitlement to an evidentiary hearing. *Cody v. United States*, 249 F.3d 47, 54 (1st Cir. 2001) (quoting *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)). Petitioner has not in so many words sought an evidentiary hearing. Nevertheless, it has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill*, 11 F.3d at 226 (quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir.1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill*, 11 F.3d at 226 (quoting *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984)); *Barreto-Rivera v. United States*, 887 F. Supp.2d 347, 358 (D.P.R. 2012). (Emphasis ours).

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. Amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. at 687. "This inquiry involves a two-part test." *Rosado v. Allen*, 482 F. Supp. 2d 94, 101 (D. Mass. 2007). **"First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'"** *Id.* (quoting *Strickland v. Washington*, 466 U.S. at 690.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *Scarpa v. DuBois*, 38 F.3d 1, 8 (1st Cir. 1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" *Rosado v. Allen*, 482 F. Supp. 2d at 101 (quoting *United States v. Natanel*, 938 F.2d 302, 309 (1st Cir.1991)). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States*, 94 F.3d 20, 23 (1st Cir. 1996) (quoting *Strickland v. Washington*, 466 U.S. at 689); *Perocier-Morales v. United States*, 887 F.Supp.2d 399, 416 (D.P.R. 2012). **"Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a**

showing of a "reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."'" *Rosado v.
Allen*, 482 F. Supp. 2d at 101 (quoting *Scarpa v. DuBois*, 38 F.3d at 8)
(quoting *Strickland v. Washington*, 466 U.S. at 694); *see Padilla v. Kentucky*,
130 S. Ct. 1473, 1482 (2010) (quoting *Strickland v. Washington*, 466 U.S. at
688): *Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v.
Dubois*, 38 F.3d at 8; *López-Nieves v. United States*, 917 F.2d 645, 648 (1st
Cir.1990) (citing *Strickland v. Washington*, 466 U.S. at 687); *De-La-Cruz v.
United States*, 865 F.Supp.2d 156, 166 (D.P.R. 2012). However, "[a]n error
by counsel, even if professionally unreasonable, does not warrant setting aside
the judgment of a criminal proceeding if the error had no effect on the
judgment." *Argencourt v. United States*, 78 F.3d at 16 (quoting *Strickland v.
Washington*, 466 U.S. at 691). **Thus, "[c]ounsel's actions are to be judged 'in
light of the whole record, including the facts of the case, the trial transcript,
the exhibits, and the applicable substantive law**.'" *Rosado v. Allen*, 482 F.
Supp. 2d at 101 (quoting *Scarpa v. DuBois*, 38 F.3d at 15). **The defendant
bears the burden of proof for both elements of the test**. *Cirilo-Muñoz v. United
States*, 404 F.3d at 530, (citing *Scarpa v. DuBois*, 38 F.3d at 8-9); *Espinal-
Gutierrez v. United States*, 887 F.Supp.2d 361, 374 (D.P.R. 2012).  (Emphasis ours).

## B. SECOND OR SUCCESSIVE 2255 MOTION

Congress has established strict limitations and requirements in order for
a federal convict to file a motion under section 2255 seeking a post-conviction
remedy. For example, in 1996 Congress amended section 2255, imposing
more restrictions upon petitioners seeking relief under such section. The last
paragraph of section 2255 now reads:

> A second or successive motion must be certified
> as provided in section 2244 by a panel of the
> appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing evidence
> that no reasonable factfinder would have found the
> movant guilty of the offense; or
> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2255(h).  (Emphasis ours).

**It is then settled that before submitting a second or successive petition
under section 2255, it is necessary to obtain the proper certification from the
court of appeals, pursuant to section 2244, "authorizing the district court to
consider the [section 2255] application." 28 U.S.C. § 2244(b)(3)(A);** *In re
Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *see Cintron-Caraballo v. United
States*, 865 F. Supp. 2d 191, 196-197 (D.P.R. 2012). **Absent the proper
certification from the court of appeals, the district court is without jurisdiction
and therefore precluded from entertaining a section 2255 application**. *United
States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Coplin-Bratini v. United
States*, 2009 WL 605758 (Mar. 9, 2009), citing *Trenkler v. United States*, 536
F.3d 85 (1st Cir. 2008). **If a circuit court, upon request, determines that there**

**is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court**. *See e.g. Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003.) (Emphasis ours).

**The present petition is clearly such a second or successive 2255 motion. Since it is a successive petition, petitioner should have requested the authorization of the court of appeals before filing the present petition in the district court**. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). *See Munoz v. United States*, 331 F.3d 151, 153 (1st Cir. 2003). **Petitioner has not requested the court of appeals' authorization. Since it is from the order of the court of appeals that this court acquires jurisdiction to entertain second or successive petitions under section 2255, the district court is precluded from considering such petition absent the abovementioned authorization**. *Burton v. Stewart*, 549 U.S. 147, 154 (2007); *United States v. Key*, 205 F.3d at 774. However, in view of the request of petitioner to transfer the case as opposed to dismissing the same, and the United States' not opposing referring the motion to the court of appeals, the inquiry does not end here. That the parties may have reached a tacit agreement to pass the chalice upward does not relieve the district court of further analysis. (Emphasis ours).

## C. DISMISSAL vs. TRANSFER

**The final issue in the second or successive 2255 dilemma is whether the petition should be dismissed or transferred to the court of appeals to be considered in such court as a request for authorization to file a second petition under section 2255**. Various circuits have endorsed or mandated the practice of transferring the case to the court of appeals under 28 U.S.C. § 1631, for the petition to be considered in such forum as a request for authorization to file their section 2255 petition in the district court. *In re Green*, 215 F.3d 1195, 1196 (11th Cir.2000); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir.2000); *Corrao v. United States*, 152 F.3d 188, 190 (2nd Cir.1998); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). **The First Circuit Court of Appeals has endorsed the dismissal without prejudice of a section 2255 petition that does not have the proper certification of approval from the court of appeals**. *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir.1997); Ellis v. United States, 446 F. Supp. 2d 1, 3 (D. Mass.2006). **Nevertheless, before dismissing such a petition for failure to obtain the approval of the court of appeals, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."** *Haugh v. Booker*, 210 F.3d at 1150; *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988)(discussing the authority to transfer to a court of appeals under 28 U.S.C. § 1631; *United States v. Caribe-Garcia*, 711 F.Supp. 2d 225, 227-228 (D.P.R. 2010). **As I attempt to consider the merits of the instant petition, I am convinced in this case that petitioner's request for relief lacks merit, and consequently should be dismissed, not transferred**. Cf. 28 U.S.C. § 1631. I explain. (Emphasis ours).

## D. PERFUNCTORY ARGUMENT

Petitioner mentions in his Notice of intention to file a second or successive 2255 motion that the actual motion will be filed outside of the

9

limitations period of one year. (Docket No. 14 at 5). He stresses that he should be excused from being wed to the limitations period because of a newly recognized right within the meaning of 28 U.S.C. § 2255(f)(3). The section reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
> . . .
> . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . .

He then notes ". . .because the Eighth Circuit has not to date addressed if other claims are asserted in a § 2255 (f)(3) motion, movant contemplates presenting claim(s) in the forthcoming motion filed in accordance with § 2255 (f)(3) that would otherwise be untimely, however might be heard at the Court's discretion." (Docket No. 14 at 5). Clearly his argument is undeveloped and conclusory for more than one reason.

Petitioner's first collateral attack was untimely as noted by the district court. The court went further and provided an option and admonition to petitioner which petitioner failed to heed. Rather, petitioner filed another untimely motion, or notice of motion based upon a promise of filing yet another pleading within 30 days which would enlighten the court as to the basis for his exceptional petition under 28 U.S.C. § 2255 (f)(3). Thus, a substantive motion with argument would have been filed sometime in June, 2012. This is not a request to the court to grant a term for filing. Rather it is if anything an untimely courtesy to inform the court of his intentions, similar to a "placeholder" motion. *See Vega-Figueroa v. United States*, 206 F.R.D. 524 (D.P.R.2002). **It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."** *Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n.3 (1st Cir.2005); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990); *Casas v. United States*, 576 F.Supp. 2d 226, 234 (D.P.R.2008); *Vega-Figueroa v. United States*, 206 F.R.D. at 524. **Petitioner offers no legal support for his raw argument**. *See e.g. Barreto-Barreto v. United States*, 551 F.3d at 99. (Emphasis ours). Indeed, he basically ignores procedural thresholds in order to reveal little more than a rote promise to produce something. In 2005, the court of appeals provided then appellant a clear invitation to file a petition for post-conviction relief based upon scenario which might smoothly fit into a *Cooper* analysis which applies the *Frye* reasoning and *Strickland* test to a defendant who proceeds to trial rather than enter a guilty plea as in Frye. It found no extraordinary reason for itself to remand for evidentiary hearing for this court to consider an effective assistance of counsel argument based upon a failure of his attorney to finalize a beneficial plea agreement. *United States v. Vega Molina*, 407 F.3d at 530. **The court clearly hinted at petitioner's obligation to file a timely application for post-conviction relief under 28 U.S.C. § 2255**. *Id.* at 531. **Petitioner did not seek review at the Supreme Court as did another**

10

**codefendant**. *Zuniga-Bruno v. United States*, 546 U.S. 919 (2005). **He filed his first 2255 motion fourteen months after resentencing**. **This shy attempt is abortive *ab initio* at best**. **Again, petitioner's pro se status does not excuse him from complying with both procedural and substantive law**. *See Ahmed v. Rosenblatt*, 118 F.3d at 890. At this stage, as in others, he has ignored well delineated procedural steps. This becomes more clear in the reply brief which does not concede that the promised pleading is a second or successive 2255 motion but which urges the district court to transfer the same to the court of appeals. (Emphasis ours).

E. NEWLY RECOGNIZED RIGHT

Last but not least, the linchpin of petitioner's substantive argument focuses on the starting date for the statute of limitations to run under 28 U.S.C. § 2255(f)(3), discussed above. **To prevail over the limitations argument of the United States, petitioner must rely on a "newly recognized right" as provided by *Lafler v. Cooper* and *Frye v. Missouri*. A review of recent circuit case law reveals tellingly that the majority of the circuit courts, all that have considered the matter, have found that neither Supreme Court decision announced such a "newly recognized right."** *Gallagher v. United States*, ___F.3d ___, 2013 WL 1235668 (2d Cir. Mar. 28, 2013) at *1; *Williams v. United States*, 705 F.3d 293, 294 (8th Cir.2013); *In re King*, 697 F.3d 1189 (5th Cir.2012); *Hare v. United States*, 688 F.3d 878-80 (7th Cir.2012); *Buenrostro v. United States*, 697 F.3d 1137-40 (9th Cir.2012); *United States v. Lawton*, 2012 WL 6604576 at *3 (10th Cir., Dec. 19, 2012); *In re Perez*, 930, 932-34 (11th Cir. 2012). [N.4.] Most of these cases are complied in *Hestle v. United States*, 2013 WL 1147712 (E.D.Mich., March 19, 2013)]. But petitioner, in his undeveloped promise, ignores any attempt at development except for a generic reliance of *Strickland* principles and mention of the two 2012 decisions his promised argument will rely on. **Indeed, *Frye* and *Cooper* are refinements of *Strickland v. Washington* and *Hill v. Lockhart*,[4] [*N*.5] both ringing a death knell to the "newly recognized right" argument. And even assuming *Frye* and *Cooper* announced "a new rule of constitutional law," neither case contains any express language as to retroactivity. *Gallagher v. United States*, 2013 WL 1235668. Conclusively, the statute of limitation has well run, as has petitioner's time limit**. (Emphasis ours).

III

A. SUMMARY

There are at least three reasons why the petition must be dismissed:

1) this is a second or successive 2255 motion, and therefore this court

---

[4]       *N.5.* of the *Report and Recommendation*, Docket No. 18, page 19:

         See *Gallagher v. United States*, 2013 WL 1235668; *Williams v. United States*, ___F.Supp.2d___, ___, 2013 WL239839 (S.D.N.Y. Jan. 23, 2013) at *5; *Perocier-Morales v. United States*, 887 F. Supp. 2d at 407; *cf. United States v. Martinez*, 2013 WL 951277 (D.Mass. Mar. 8, 2013) at *3.

11

lacks subject matter jurisdiction to entertain it.[5] [N.6]

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,[6] [N.7] that was previously unavailable, has not been clearly presented to this court, (a court which lacks subject matter jurisdiction), for its consideration.[7] [N.8.]

3) **the successive motion to vacate sentence is time-barred**.  (Emphasis ours).

## B. CONCLUSION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Petitioner's conviction is clearly final and his attempts at collateral review have ignored well-defined concepts of limitations and statutory deadlines, including two court orders inviting him to comply with the requirement of timely filings. Furthermore, neither the pleadings nor the promise contain argument of plausible merit. Thus, transfer to the court of appeals would result in a hopeless waste of judicial resources.

## C. RECOMMENDATION

In a nutshell, final judgment having been entered in a first 2255 motion, this court lacks subject matter jurisdiction over a second or successive 2255 motion. In view of the above, I recommend that the second or successive motion under Title 28 U.S.C. § 2255 be DENIED without evidentiary hearing for lack of subject matter jurisdiction.

### A Final Note

It is important to supplement the thorough legal analysis made by Magistrate Judge Arenas with some recent case law.

---

[5]     *N.6.* of the *Report and Recommendation*, Docket No. 18, page 19:

Petitioner mentions that the court has the discretion to entertain the motion. However, there is a jurisdictional redoubt which the court cannot breach, regardless of the invitation to exercise discretion, a discretion which does not exist.

[6]     *N.7.* of the *Report and Recommendation*, Docket No. 18, page 19:

*See* 28 U.S.C. § 2255 (h)(2), previously § 2255 ¶ 8.

[7]     *N.8.* of the *Report and Recommendation*, Docket No. 18, page 20:

*See Pratt v. United States*, 129 F.3d at 62-63.

12

*Donnell v. United States*, 826 F.3d 1014 (8th Cir.2016)(stands for the proposition that petitioner must make a "prima facie" showing that the 2255 motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

*In re Starks*, 809 F.3d 1211, 1212 (11th Cir.2016)(the court of appeals can only issue an order authorizing a second or successive 28 U.S.C. § 2255 motion, "if we [the court of appeals] certify that the second or successive motion is based on either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.  28 U.S.C. § 2255(h))."

*Bucci v. United States*, 809 F.3d 23, 27 (1st Cir.2015) ("Congress provided a second opportunity for collateral relief for kinds of petitions: those that bring forth new evidence proving innocence and those that rely on new and retroactively applicable constitutional rules," ... "citing *Jamison v. United States*, 244 F.3d 44, 47 (1st Cir.2001) and 28 U.S.C. § 2255(h)." ... "**It is implicit in this scheme that collateral attack claims not within the two categories are *meant* to be barred**."  *Id.*). (Emphasis ours).

*Pagan-San Miguel v. United States*, 736 F.3d 44, 45 (1st Cir.2013)(stands for the proposition that the decisions of *Frye* and *Lafler* relating to the Sixth Amendment right to effective assistance of counsel does not establish a "new rule of constitutional law, made retroactive to cases on collateral review, as 28 U.S.C. § 2255(h)(2) requires").

*Munoz v. United States*, 331 F.3d 151, 153 (1st Cir.2003) ("The AEDPA requires a federal prisoner, before prosecuting a second or successive habeas petition in the district court, to obtain from 'the appropriate court of appeals ... an order authorizing the district court to consider the application.' 28 U.S.C. § 2255." ... "Inasmuch as the petitioner did not seek, let alone obtain, the required authorization from this court [the court of appeals], the district court lacked jurisdiction over his Rule 60(b) motion." "Consequently, both his appeal and his attempt to obtain a COA must fail.")

13

**Conclusion**

For the reasons stated above, the Court finds that there is no plain error in Magistrate Judge Arenas' *Report and Recommendation*, Docket No. 18.  Indeed, the Court commends Magistrate Judge Arenas for a fine and thorough report and recommendation.  Hence, the *Report and Recommendation* is hereby adopted *in toto*, as supplemented herein, and the instant action is dismissed without prejudice.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

No judgment denying petitioner's second or successive motion under 28 U.S.C. § 2255 will be entered, as petitioner's successive petition of a second or successive 2255 motion was filed without the authorization from the First Circuit.  Hence, this Court lacks subject matter jurisdiction to entertain the same.

The record shows that this case was closed on July 9, 2008, and it was never reopened to entertain post-judgment matters.  Hence, the instant case shall remain closed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2016.

> s/Daniel R. Domínguez
> DANIEL R. DOMÍNGUEZ
> United States District Judge